# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4886 | **DATE** | 6/21/2012 |
| **CASE TITLE** | Ali vs. National Geospatial-Intelligence Agency | | |

**DOCKET ENTRY TEXT**

The court denies pro se Plaintiff's application to proceed in forma pauperis [4] and dismisses this lawsuit in its entirety.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On June 19, 2012, pro se Plaintiff Hanniyyah N. Ali filed the present Complaint against Defendant National Geospatial-Intelligence Agency ("NGA"), an agency of the federal government of the United States, alleging that the NGA is cyber-bullying her. Plaintiff also seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1). For the following reasons, the Court denies pro se Plaintiff's petition to proceed in forma pauperis and dismisses this lawsuit in its entirety.

### LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review her claims to determine whether the action she alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if the action seeks damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Jones v. Bock,* 549 U.S. 199, 214, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**ANALYSIS**

Construing pro se Plaintiff's allegations liberally, *see Munson v. Gaetz,* 673 F.3d 630, 633 (7th Cir. 2012), Plaintiff alleges that the NGA hacked her computer and electronically harassed and bullied her as part of a governmental experiment in which the NGA monitors her brain. Plaintiff seeks $1 billion in damages, along with costs and fees. In her Complaint, Plaintiff also mentions her other pro se lawsuits in the Northern District of Illinois against her employer AT&T. *See Ali v. AT&T*, Case No. 10 C 2138, *Ali v. AT&T*, Case No. 12 C 3749. Indeed, Ali has filed at least nine other lawsuits in this district alone, many of which allege similar facts despite the different defendants. *See Ali v. Rockefeller*, Case No. 12 C 3746; *Ali v. The Masons*, Case No. 12 C 3752; *Ali v. Dirksen Federal Courthouse*, Case No. 12 C 3936; *Ali v. Walt Disney Magnet School*, Case No. 12 C 3742; *Ali v. Nat'l Security Agency*, Case No. 12 C 3791; *Ali v. Law Offices of Mark S. Kocol*, Case No. 12 C 3890; *Ali v. IBEW Local 21*, Case No. 10 C 5466. Many of these lawsuits have been dismissed as frivolous.

Here, Plaintiff's claim fails because she has brought a lawsuit against a defendant that is a federal government agency. To clarify, the United States has sovereign immunity except where it consents to be sued. *See United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). In the absence of any such waiver of immunity, a plaintiff cannot proceed against the United States or an agency of the federal government for money damages. *See, e.g., Baker v. Runyon,* 114 F.3d 668, 671 (7th Cir. 1997). Because there has been no waiver of immunity by the NGA in such actions, Plaintiff's claim fails. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Second, Plaintiff's Complaint is frivolous. *See Johnson v. Stovall,* 233 F.3d 486, 489 (7th Cir. 2000) (standard for factual frivolousness is "when the facts alleged rise to the level of the irrational or the wholly incredible") (citation and quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). Therefore, the Court dismisses this lawsuit.